TimTwomey AK Bar No. 0505033
Twomey Law Office
310 K Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 306-9505

Attorneys for Plaintiff, CHARLES ARY III

UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| CHARLES ARY, III, | CASE NO. |
|---|---|
| Plaintiff, | |
| vs. | |
| | **COMPLAINT FOR MEDICAL NEGLIGENCE** |
| UNITED STATES | |
| Defendant | |

COMES NOW, Plaintiff CHARLES ARY III, and alleges in this civil Complaint as follows:

**PARTIES AND JURISDICTION**

1) This is a medical negligence case brought by Plaintiff Charles Ary III, a disabled Marine Corps Vietnam War Veteran, against the United States due to harm caused him by the Department of Veterans Affairs, Veterans Administration health care. This Court has jurisdiction of this case pursuant to 28 U.S.C. §1346(b) and 38

COMPLAINT
Page 1

U.S.C. § 7316.

2) Plaintiff seeks remedies and damages against the United States provided by sections 1346(b) and 2672 of title 28 for damages for personal injury, ... caused by the negligent or wrongful act or omission of any physician ... in the performance of medical, dental, or related health care functions ... while acting within the scope of his duties or employment.

3) Plaintiff alleges that physician employees of the Veteran's Administration and other medical professionals employed by the Veteran's Administration failed to exercise the required minimum degree of learning, judgment, skill, conduct and care applicable under the circumstances in the management of Plaintiff's medical condition, resulting in injury and harm to Plaintiff.

4) The Plaintiff is Charles Ary, III, born in 1950. Charles is currently 62 years old. He is a disabled Marine Corps veteran who served his country during the Vietnam War. He was wounded in action, receiving the Purple Heart. He suffers from PTSD and other medical conditions as a result of his combat experiences.

5) Plaintiff's address is: 7930 Resurrection Drive, Anchorage, Alaska 99504. The medical negligence alleged in this Complaint took place at Veterans Administration medical facilities in Anchorage Alaska, within the jurisdiction of this Court.

6) The Defendant is the United States of America. This claim follows an administrative tort claim dated 2/28/11 filed by Plaintiff against the Department of Veterans Affairs. A true and correct copy of Plaintiff's administrative tort claim, dated 2/28/11 is attached and incorporated by this reference as Exhibit 1.

7) On March 2, 2011, the Department of Veterans Affairs acknowledged receipt of Exhibit 1. A true and correct copy of correspondence from the Department of Veterans Affairs Office of Regional Counsel, dated 3/2/11, is attached and

incorporated by this reference as Exhibit 2.

8) More than six months have passed without the Department of Veterans Affairs accepting or rejecting Plaintiff's administrative tort claim. Plaintiff has satisfied the pre-suit requirements before filing this Complaint.

9) The facts giving rise to Plaintiff's claims of medical negligence include the following: Plaintiff has a history of back problems, beginning from the time of his basic training in the Marine Corps, where he was subjected to abuse. From the years of approximately 2000 (when Charles was 50 years old) until 2008, Plaintiff was experiencing intermittent back pain. In October of 2008, Plaintiff began experiencing severe back pain. In January of 2009, Plaintiff was at home alone and fell and was unable to get up. He was taken by ambulance to the Elmendorf Hospital VA facility in Anchorage Alaska where he was treated. A MRI was performed on January 27, 2009 and a verified report of the MRI results was entered into the medical record on January 28, 2009. A true and correct copy of the MRI report is attached and incorporated by this reference as Exhibit 3.

10) Rather than providing appropriate care and treatment for Plaintiff's medical condition, Defendant told Plaintiff that he could continue conservative care.

11) Plaintiff alleges that based upon his condition as it existed in late January 2009, he should not have been told that conservative care would be appropriate for his condition, but rather that surgical intervention for his spine condition was required so as to avoid further injury.

12) Rather than provide surgical care to Plaintiff or refer him to a specialist for his spine condition, Defendant allowed, recommended and directed a course of conservative treatment that was ineffective, did not meet the requisite standard of care and was in fact harmful to Plaintiff. The conservative care included acupuncture and chiropractic care, including spinal manipulation and was contra-

COMPLAINT
Page 3

Case 3:12-cv-00192-JWS   Document 1   Filed 09/14/12   Page 3 of 6

indicated for Plaintiff's medical condition.

13) Plaintiff alleges that Defendant failed to obtain an appropriate second medical opinion as to whether Plaintiff's condition in January of 2009 required surgical intervention or whether continuing conservative care was appropriate. Plaintiff further alleges that Defendant improperly delayed the provision of adequate medical/surgical care and treatment.

14) Plaintiff alleges upon information and belief that Defendant has a pattern and practice of not providing adequate or appropriate medical care to Veterans such as Plaintiff, unless and until the Veteran or someone on the Veteran's behalf complains about care and demands attention.

15) Plaintiff alleges that Defendants and Defendant's employees did not have the degree of knowledge or skill possessed or utilize the degree of care ordinarily exercised under the circumstances, by health care providers in the field or specialty in which the Defendant is practicing; and that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the Plaintiff suffered injuries that would not otherwise have been incurred.

16) Plaintiff underwent three surgeries to address his back condition. Dr. Paul Jensen performed the first surgery in March of 2009. He performed a second surgery in May 2009. Dr. Timothy Cohen performed a third surgery in October of 2009. Plaintiff remains in pain and has permanent injuries, despite the three surgeries.

17) Plaintiff contends that his outcome would have been better had Defendant not been negligent and that his surgical care and subsequent recoveries were made more complicated and difficult by the negligence of Defendant. Plaintiff alleges that the delay between January 2009 and subsequent surgical treatment caused a deterioration in Plaintiff's health and permanent injury, pain and disfigurement.

18) Plaintiff alleges that Defendant is responsible for the negligence of its employees,

including: Michael R. McCoy, M.D., Gregory M. Kisling D.O. Ph.D., Ronda E. Merrihew, and others.

19) Plaintiff alleges that Defendant is responsible for its own negligence to the extent that it has caused harm to Plaintiff.

20) As a result of the negligence of Defendant and that of its employees, Plaintiff has incurred medical bills past and present that he has been required to pay or is obligated to pay from his own funds, as opposed to the subject care being provided through the Department of Veterans Affairs.

21) As a result of the negligence of Defendant and that of its employees, Plaintiff will incur medical bills and will be required to undergo medical care and treatment in the future, in an amount to be determined at trial based upon the evidence presented.

22) As a result of the negligence of Defendant and that of its employees, Plaintiff has experienced a loss of dignity, respect and has endured pain and suffering and loss of enjoyment of life, damages for which he seeks in an amount to be determined at trial based upon the evidence presented.

23) As a result of the negligence of Defendant and that of its employees, Plaintiff has experienced permanent severe injury and disfigurement, including "foot drop" in his left foot due to nerve root impingement and injury affecting Plaintiff mobility, appearance, health and happiness.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1. Compensatory damages of $500,000.00 dollars.
2. Costs incurred in this action;
3. Reasonable attorney fees; and
4. Any other and further relief the court considers proper.

DATED: _____ **Twomey Law Office**

By:_____
Tim Twomey AK # 0505033
Attorney for Plaintiff,
CHARLES ARY, III

COMPLAINT
Page 6